## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                         Case No. 07-30824-WRS
                                                              Chapter 7
MICHAEL COSTANZO MARCATO
ANNE SAHLIE MARCATO,

     Debtors

### MEMORANDUM DECISION

     This Chapter 7 bankruptcy case is before the Court upon the Trustee in Bankruptcy's[1] motion to turn over property. (Doc. 442). The matter was heard on March 31, 2009. At that time, the parties represented to the Court that there were no facts in dispute and requested time to file briefs. The matter is now fully briefed. (Docs. 458, 462). The Court will treat this matter as having come before it on cross motions for summary judgment. Having determined that the beneficial interest in question is not property of the estate, the Court will deny the Trustee's motion.

### I. Facts

     On December 8, 1997, Shirley P. Sahlie established a trust entitled "The Shirley P. Sahlie Qualfied Personal Residence Trust." (Doc. 458, Exhibit 1)(hereinafter Trust). In general, under such trusts, the settlor grants a future interest in her residence to her children and receives favorable gift tax consequences. See, 26 U.S.C. §2702(a)(3)(A)(ii). Ann Marcato, a co-debtor in this case, is one of Sahlie's children and the recipient of a future interest under the Trust.

---

[1] The reader should bear in mind that there are two different trustees in play here. The movant is Susan DePaola, the Trustee in Bankruptcy. The subject of these proceedings is the beneficial interest of co-debtor Ann Marcato under a Trust established by her mother, Shirley P. Sahlie. In an attempt to keep the players straight, the Court will refer to Susan DePaola as the Trustee in Bankruptcy. References to the Trustee under the Trust will be simply to Trustee.

On December 8, 1997, Sahlie transferred her residence to the trust, which provided that, for a period of 10 years, she could use the residence, or that she could rent it and receive the rents, or sell the residence and establish an annuity. The 10-year period was referred to in the Trust as the "Income Term." (Trust, § 4.01). At the conclusion of the 10-year income term, Sahlie was no longer entitled to either use the property or receive income from it. Moreover, at the conclusion of the 10-year period, Sahlie was no longer the Trustee and in her place, her four children were nominated as co-trustees. The record is silent as which, or all, of the four children actually served as trustees. Ann Marcato, a co-debtor in this case, is one of Shirley Sahlie's four children and is named as a remainder beneficiary under the Trust. (Trust Section 1.01). She is also nominated as one of four co-trustees to serve at the conclusion of the 10-year income term. (Trust Section 2.09).[2]

Ann Marcato and her husband filed a joint petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on June 10, 2007. On September 2, 2008, the Court converted this case to a case under Chapter 7 on the Debtors' motion. (Doc. 365). On November 7, 2008, the residence was sold for $499,000. Marcato and her husband both received discharges in bankruptcy pursuant to 11 U.S.C. § 727 on June 6, 2009. On February 26, 2009, the Trustee in Bankruptcy filed the instant motion pursuant to 11 U.S.C. § 542, to require Marcato to turn over her interest in the trust.

---

[2] A copy of the closing statement from the sale of the residence is attached as Exhibit 2 to the brief of the Trustee in Bankruptcy. (Doc. 458, Ex. 2). The Settlement Statement lists only one seller, that being M. Clark Sahlie. From this, the Court will infer that Clark Sahlie was the sole Trustee subsequent to end of the 10-year income period. Regardless of how many of Ann Marcato's siblings actually may have served as Trustee is not determinative of any relevant issue here. Therefore, it is not necessary to schedule an evidentiary hearing or conduct further proceedings to resolve this point.

## II.  LAW

This Court has jurisdiction to hear this motion pursuant to 28 U.S.C. § 1334(a) and (b).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E).  This is a final order.

### A.  Interests in Spendthrift Trusts are excluded from the estate pursuant to 11 U.S.C. § 541(c)(2)

The first question the Court will consider is whether the beneficial interest was property of the estate at the time the petition in bankruptcy was filed on June 10, 2007.  At the time a petition in bankruptcy is filed, an estate is created by operation of law.  11 U.S.C. § 541(a).  In general terms, the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."  Id.  However, Section 541 of the Bankruptcy Code contains several exceptions, one of which is codified at § 541(c)(2), which provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."  In other words, "spendthrift . . . trusts are excluded from a debtor's bankruptcy estate to the extent they are protected from creditors under applicable state law."  Menotte v. Brown (In re Brown), 303 F.3d 1261, 1265 (11th Cir. 2002); see also, Patterson v. Shumate, 504 U.S. 753, 757, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992)(holding that restrictions on transfers of beneficial interests which are enforceable under nonbankruptcy Federal law are also protected).

The question then becomes whether the spendthrift clause in the Trust is valid under Alabama law.  To put the matter differently, if the spendthrift clause in the Trust is valid under Alabama law, then Ann Marcato's interest did not become property of the estate at the time she filed her petition in bankruptcy.

The Alabama Uniform Trust Code became effective on January 1, 2007.  Ala. Code § 19-3B-101.  The new Code "applies to all trusts created before, on, or after January 1, 2007.  Ala. Code § 19-3B-1204(1).  See also, Driscoll v. Ultimate Reserve Trust (In re Tait), 2008 WL 4183341 (Bankr. S.D. Ala. September 10, 2008)(applying new Code to preexisting trust).  Accordingly, this Court will apply the new Alabama Uniform Trust Code.

The Alabama Uniform Trust Code recognizes the validity of spendthrift trusts.  Section 19-3B-502 provides as follows:

> (a) A spendthrift provision is valid only if it restrains both voluntary and involuntary transfer of a beneficiary's interest.
>
> (b) A term of a trust providing that the interest of a beneficiary is held subject to a "spendthrift" trust," or words of similar import, is sufficient to restrain both voluntary and involuntary transfer of the beneficiary's interest.
>
> (c) A beneficiary may not transfer an interest in a trust in violation of a valid spendthrift provision and, except as otherwise provided in this article, a creditor or assignee of the beneficiary may not reach the interest or distribution by the trustee before its receipt by the beneficiary.

Under the new Code, by using the term "spendthrift trust," the settlor may assure herself that a trust will be treated as a spendthrift trust.

The Trust in question here provides as follows:

> **Section 7.09.  <u>Spendthrift Restrictions.</u>**  Except through the exercise of a power of appointment granted by this Instrument, no beneficiary of any trust created under this Instrument shall anticipate, encumber or transfer his interest in the respective trust in any manner without the consent of the Trustee.  Furthermore, no part of any trust created under this Instrument shall be liable for, or charged with, any debts, contracts, liabilities or torts of a beneficiary or subject to seizures of other process by any creditor of a beneficiary.  (Doc. 458).

The spendthrift clause in the Trust in question here fits comfortably within the definition of a spendthrift trust under Alabama law. First, the Trust specifically uses the word "spendthrift." Second, Section 7.09 of the Trust contains restrictions on alienation which are the hallmark of spendthrift provisions. Indeed, the Trustee in Bankruptcy does not argue that the Trust in question is not a valid spendthrift trust. As the Trust in question is a valid spendthrift trust under Alabama law, it did not become property of the estate at the time the petition in bankruptcy was filed.

### B. The Debtor's interest in the spendthrift trust did not become property of the estate during the pendency of the Chapter 11 proceedings.

The Trustee argues that the Debtor's interest in the trust "vested" and that the trust terminated upon the expiration of the 10-year income period under the Trust.[3] It appears that the Trustee in Bankruptcy misunderstands both the operation of the Trust and the nature of Ann Marcato's interest in it. First, contrary to the argument of the Trustee in Bankruptcy, the Trust did not terminate automatically upon the expiration of the 10-year income terms. Second, Marcato's interest was vested at all times subsequent to the inception of the Trust. To be sure, she held a future interest during the 10-year term, which became a present interest upon the expiration the term. However, her interest was vested at all times. More to the point, Marcato's interest was protected from the claims of creditors, and her Trustee in Bankruptcy, by virtue of a valid spendthrift clause. She did not somehow lose this protection at the time her future interest became a present interest, which occured during the period of administration of the Chapter 11

---

[3] The Trustee in Bankruptcy states in her brief that "Mrs. Marcato's rights and benefits under the terms of the Trust agreement vested in December, 2007." (Doc. 458, Ex. 1, p. 2).

bankruptcy case.

In cases under Chapter 11, property of the estate consists not only of that property which is described in § 541 as of the date of the petition, but also property acquired during the period of administration.[4]

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541–
>
>   (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

11 U.S.C. § 1115(a)(1). It is the trustee's contention that the Debtor acquired the property during the pendency of the Chapter 11.

The Trustee contends that trust terminated at the expiration of the 10-year income period set forth in the Trust. The Trust does not so provide. Rather, the Trustee has discretion as to when the property would be sold. (Trust 4.05). The Trust document does not place a time limit on when the residence was to be sold. Moreover, the sale proceeds were to be "set apart" for the children. (Trust 5.01). Had the Trust instrument required immediate disbursement, it would not be necessary to "set apart" each beneficiary's share. Indeed, there is nothing in the Trust document which calls for an immediate distribution, or for that matter, a distribution on any set time schedule. The Trustee was granted broad discretion as to when distributions were to be

---

[4] By "period of administration" the Court means that period of time which begins upon the filing of a petition in bankruptcy under Chapter 11 and ended, in this instance, at the time it was converted to a case under Chapter 7. Thus, the period of administration here began on June 10, 2007, and ended on September 2, 2008. The Trustee of the Trust did not sell the residence until November 8, 2007. (Doc. 458, Ex. 2), which was after the date of conversion and hence not during the period of administration.

made. (Trust 7.06, 7.09, 8.08, 9.01, 9.04). So long as the Trust property was in the Trustee's hand, Marcato's interest was protected from the claims of creditors by the spendthrift clause in the Trust.

The period of administration of the Debtors' Chapter 11 case ran from the date of the petition, which was June 10, 2007 (Doc. 1), to the date the case was converted to a case under Chapter 7, which was September 2, 2008. (Doc. 365). However, the property was not sold until November 7, 2008. (Doc. 458, Ex. B). Therefore, at the time of conversion, Marcato's beneficial interest in the Trust remained under the protection of the spendthrift clause. Assuming that her share of the sale proceeds were distributed to her immediately upon the closing of the sale, they did not become property of the estate because those proceeds were not property of the estate, within the meaning of § 541, at the time of conversion. Once the bankruptcy case was converted to a case under Chapter 7, the after-acquired property provisions of § 1115, no longer applied. 11 U.S.C. § 103(g). Assuming that Marcato acquired the proceeds on November 7, 2008, free and clear of any further restrictions on transfer from the trust, the cash proceeds were not property of the estate because the estate consisted only of that property, within the meaning of § 541, owned as of the date of the petition (June 10, 2007), plus the after-acquired property which was acquired during the period of administration of the case under Chapter 11, (June 10, 2007 up to and including September 2, 2008). 11 U.S.C. § 1115(a)(1). Therefore, the beneficial interest in the Trust owned by Marcato did not become property of the estate either by by operation of either § 541 or § 1115.

### III. CONCLUSION

Ann Marcato's beneficial interest in the Trust was not property of the estate at the time

she filed a petition in bankruptcy by operation of § 541(c)(2) and the spendthrift clause in her mother's Trust.  Moreover, that interest did not become property of the estate by operation of § 1115(a)(1) because it remained under the protection of the spendthrift clause at all times up to and including the date of conversion.  Assuming that Ann Marcato received the proceeds on November 8, 2008, upon the closing of the sale of the residence, they did not become property of the estate because they were acquired after the date of conversion.  For these reasons, the Trustee's motion to turn over the property is DENIED.

Done this 29th day of June, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Debtors
   R. Scott Williams, Attorney for Trustee